# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RICHARD BURGIN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-00710-AMM-NAD |
| | ) |
| STEVEN MARSHALL, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Richard Burgin, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for capital murder and his sentence of life without parole. Doc. 1. On January 26, 2022, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending that the court deny habeas relief. Doc. 15. Burgin timely filed objections to the report and recommendation. Doc. 18.

Having carefully reviewed and considered *de novo* the materials in the court file, including the report and recommendation and Petitioner Burgin's objections, the court **OVERRULES** Burgin's objections. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. For the reasons discussed below, Burgin's petition for a writ of habeas corpus, Doc. 1, is **DENIED**, and the action is **DISMISSED WITH PREJUDICE**.

1

## DISCUSSION

The report and recommendation concluded that Petitioner Burgin's ten claims for habeas corpus relief lacked merit. Doc. 15. Burgin's objections fail to show any error in the report and recommendation, or that he is entitled to habeas corpus relief.

**I.    The majority of Petitioner Burgin's objections reiterate the claims in his petition (which were addressed in the report and recommendation) without providing any specific assertion of error.**

In his petition for habeas corpus relief, Burgin asserted claims related to the alleged: insufficiency of the evidence (Claims 1 and 2); *Brady v. Maryland*, 373 U.S. 83 (1963) (Claim 3); *Batson v. Kentucky*, 476 U.S. 79 (1986) (Claim 5); and ineffective assistance of counsel (Claims 7, 8, and 9). Doc. 1. The report and recommendation addressed each of these claims in detail and denied them on the merits upon finding that the state court's denial of the claims had not been unreasonable. Doc. 15.

Petitioner Burgin's objections regarding these claims reiterate the arguments from his petition. He does not object to any specific findings of fact or conclusions of law, but makes a conclusory assertion that the magistrate judge erred in concluding he was not entitled to habeas relief. The court discerns no error, so Burgin's objections for Claims 1, 2, 3, 5, 7, 8, and 9 are overruled.

II. **Petitioner Burgin concedes that he did not preserve his claims regarding improper statements during closing arguments and excused jurors (Claims 4 and 6), and offers no reason for the court to consider those claims.**

In his petition for habeas corpus relief, Burgin asserted claims related to improper statements during closing arguments (Claim 4) and excused jurors (Claim 6). Doc. 1 at 10, 22–23. However, in response to Respondents' answer, Burgin conceded that he had failed to preserve those claims for review and admitted that they were not properly before the court. Doc. 14 at 14, 16. The report and recommendation rejected those claims because they were not properly before the court. Doc. 15 at 24.

In his objections, Burgin admits that the claims were not properly preserved, but asserts that he "presented sufficient cause for and actual prejudice to allow this Court to review the merits" of the claims. Doc. 18 at 4–5. But neither in his objections nor in his petition (nor response) does Burgin actually provide any basis for a finding about cause or prejudice regarding the failure to preserve the claims. Doc. 18; Doc. 1 at 22–23; Doc. 14 at 14, 16. Accordingly, Burgin's objection is overruled.

III. **Petitioner Burgin has not identified any error in the recommendation that the court deny his claim related to the Alabama Constitution (Claim 10).**

In his tenth and final claim, Burgin asserted that his conviction and sentence were void because the Alabama Constitution was discriminatory, and consequently

3

that the State of Alabama lacked the authority to enact criminal codes. Doc. 1 at 27–28. Burgin based his argument on the U.S. Supreme Court's decision in *Hunter v. Underwood*, 471 U.S. 222 (1985), which concerned the right to vote of individuals convicted of crimes of moral turpitude and specifically limited itself to Article VIII, § 182 of the Alabama Constitution of 1901. *Id.* at 223; Doc. 14 at 20. The report and recommendation found that the claim lacked merit because *Hunter* struck down one particular provision of the Alabama Constitution, and because Burgin did not show that the provision had any bearing on Ala. Code § 13A-5-40(a)(10)—the statute under which he was convicted. Doc. 15 at 38–39.

In his objections, Burgin repeats his argument that the Alabama Constitution is void and therefore his conviction cannot stand, but states that he is not challenging the entirety of the Alabama Constitution. Doc. 18 at 6–7. However, *Hunter* did not address the section of the Alabama Code under which Burgin was convicted, and Burgin has not demonstrated that § 13A-5-40(a)(10) is unconstitutional on its face or as applied. Accordingly, Burgin's objection is overruled.

## CONCLUSION

For the reasons stated above, the court **OVERRULES** Burgin's objections. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Accordingly, Burgin's petition for writ of habeas corpus, Doc. 1, is **DENIED**, and the action is **DISMISSED WITH PREJUDICE**.

In addition, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. The court will enter a separate final judgment.

**DONE** and **ORDERED** this 8th day of March, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE